IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>               Defendant. | Case 5:22-cv-00268-TES |

## [PROPOSED] PROTECTIVE ORDER

Whereas, the parties to this Protective Order ("parties"), have stipulated that certain discovery material, including subpoenaed material that non-parties may produce or testify about during Discovery, is and should be treated as confidential, and have agreed to the terms of this order; accordingly, it is this 18 day of July 2023, ORDERED:

1.    **Scope**.  All documents produced in the course of discovery, all responses to discovery requests, all responses to subpoenas from non-parties[1], and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery (from parties or non-parties) (hereinafter collectively "documents") shall be subject to this Order concerning confidential information as set forth below.

2.    **Form and Timing of Designation**.  Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the Confidential designation.  Documents

---

[1] "Non-Parties" refers to third parties who may produce documents/information pursuant to a subpoena or provide testimony.

shall be designated CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents. If timely corrected, an inadvertent failure to designate qualified information or items as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall not be responsible for any use or dissemination of such document which occurred prior to such correction but shall take all reasonable steps necessary to retrieve any and all copies of such document or materials and inform any individuals to whom the documents or materials were disclosed that they were disclosed in error and are subject to the provisions of this Order.

3. **Documents Which May be Designated**.

    a. **Documents Which May be Designated Confidential**. Any party or non-party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information. The certification shall be made concurrently with the disclosure of the documents, using the form attached hereto at Attachment A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure. Information or documents which are available in the public sector may not be designated as confidential.

b. **Documents Which May be Designated Confidential Attorneys' Eyes Only**.
CONFIDENTIAL — ATTORNEYS' EYES ONLY classification, being more
highly protective of disclosure than the "CONFIDENTIAL" classification, governs
information that an attorney, in good faith, determines would materially damage or
adversely impact the business, financial, or commercial interests of the party, non-
party, or person producing such material if such information is disclosed to another
party or non-party.  The certification shall be made concurrently with the disclosure
of the documents, using the form attached hereto at Attachment D which shall be
executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure.
Information or documents which are available in the public sector may not be
designated as confidential.  Materials entitled to protection under CONFIDENTIAL
— ATTORNEYS' EYES ONLY designation may include, but are not limited to,
confidential research and development, financial, technical, marketing, sensitive
trade secret information, proprietary procedures, customer lists that have not been
published on the disclosing party's or non-party's website or otherwise publicly
disclosed, confidential information about the disclosing party's/non-party's
customers or employees, and documents that identify principals, customers, or
suppliers of the producing party, non-party, or person that have not been published
on the disclosing party's/non-party's website or otherwise publicly disclosed.
Information or documents that are available in the public sector, which do not meet
the description of CONFIDENTIAL, or which have been previously available to a
requesting party or which were authored by, intended for, or received by a requesting

party/non-party may not be designated as CONFIDENTIAL — ATTORNEYS' EYES ONLY.

c. **Documents Which May Be Designated CONFIDENTIAL— ATTORNEYS' EYES ONLY CLASS INFORMATION**. If the Court certifies a class, Defendant may designate documents CONFIDENTIAL -ATTORNEYS' EYES ONLY- CLASS INFORMATION based on a determination through review by an attorney or artificial intelligence that the document contains the information regarding class members, including their names, business names, emails, or phone numbers. Plaintiffs' counsel must treat documents designated CONFIDENTIAL - ATTORNEYS' EYES ONLY- CLASS INFORMATION consistent with documents designated CONFIDENTIAL-ATTORNEYS' EYES ONLY.

  i. Information or documents which are available in the public sector may not be designated as confidential.

4. **Depositions**. Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken, within twenty business days after receipt of the transcript, or as soon as reasonably practicable before the close of discovery, whichever is shorter. Such designation shall be specific as to the portions to be protected. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Receiving Party shall not be responsible for any use or dissemination of such document which occurred prior to such correction.

5.     **Protection of Confidential Material**.

    a.  **General   Protections**.     Documents   designated   CONFIDENTIAL   or
CONFIDENTIAL — ATTORNEYS' EYES ONLY under this Order shall not be
used or disclosed by the parties or non-parties or counsel for the parties or any other
persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing
for and conducting the litigation in which the documents were disclosed (including
any appeal of that litigation). The parties, non-parties, and counsel shall not disclose
documents designated as confidential to putative class members not named as
plaintiffs unless and until one or more classes have been certified.

    b.  **Limited Third Party Disclosures**. The parties, non-parties, and counsel for those
shall   not   disclose   or   permit   the   disclosure   of   any   documents   designated
CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY under the
terms of this Order to any other person or entity except as set forth in subparagraphs
(1)-(4) below, and then only after the person to whom disclosure is to be made has
executed an acknowledgment (in the form set forth at Attachment B hereto), that he
or she has read and understands the terms of this Order and is bound by it. Subject
to these requirements, the following categories of persons may be allowed to review
documents which have been designated CONFIDENTIAL pursuant to this Order:

        i.  parties, non-parties, and employees of both to this Order but only to the
extent counsel shall certify that the specifically named individual party, non-

party, or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;[2]

ii. court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

iii. consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

iv. other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

Subject to these requirements, only those persons described in paragraphs 5(b)(ii), (iii), and (iv) may be allowed to review confidential information or materials which have been designated as CONFIDENTIAL — ATTORNEYS' EYES ONLY pursuant to this Order.

c. **Control of Documents.**    Counsel for the parties and non-parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated pursuant to the terms of this order.  Counsel shall maintain a record of those persons who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

---

[2] At or prior to the time such party, non-party, or employee completes his or her acknowledgment of review of this Order and agreement to be bound by it (Attachment B hereto), counsel shall complete a certification in the form shown at Attachment C hereto.  Counsel shall retain the certification together with the form signed by the party, non-party or employee.

    **d. Copies**. All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies"), of documents or any portion of a document designated under this Order shall be immediately affixed with the designation "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" if the words do not already appear on the copy. All such copies shall be afforded the full protection of this Order.

    6.    **Filing of Confidential or Confidential Attorneys' Eyes Only Materials**. In the event a party or non-party seeks to file any material that is subject to protection under this Order with the Court, that party or non-party shall take appropriate action to insure that the documents receive proper protection from public disclosure including: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (e.g. in relation to discovery and evidentiary motions), submitting the documents solely for in camera review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal. Nothing in this Order shall be construed as a prior directive to the Clerk of Court to allow any document be filed under seal. The parties and non-parties understand that documents may be filed under seal only with the permission of the court. The party designating the material as subject to protection under this order retains the burden to demonstrate that any document filed with the Court should remain (in whole or in part) under seal.

    7.    **Greater Protection of Specific Documents**. No party or non-party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party or non-party moves for an Order providing such special protection.

8. **Challenges to Designation as Confidential or Confidential Attorneys' Eyes Only.** Any CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY designation is subject to challenge. The following procedures shall apply to any such challenge.

    a. The burden of proving the necessity of a Confidential designation remains with the party or non-party asserting confidentiality.

    b. A party or non-party who contends that documents designated CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY are not entitled to confidential treatment shall give written notice to the party or non-party who affixed the designation of the specific basis for the challenge. The party or non-party who so designated the documents shall have fifteen (15) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the Confidential designation.

    c. Notwithstanding any challenge to the designation of documents as confidential, all material previously designated CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

        i. the party or non-party who claims that the documents are confidential withdraws such designation in writing;

        ii. the party or non-party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 8.b. above; or

        iii. the Court rules that the documents should no longer be designated as confidential information.

    **d.** Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

**9.     Inadvertent Production of Privileged or Other Protected Material.**  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Further, no party shall be held to have waived any right or legally-cognizable privilege or evidentiary protection by such inadvertent production, provided the requirements of Federal Rule of Evidence 502(b) are satisfied.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

    **10.     Treatment on Conclusion of Litigation.**

    **a.  Order Remains in Effect**.  All provisions of this Order restricting the use of documents designated CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    **b.  Return or Destruction of CONFIDENTIAL Documents**.  Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY under this Order, including copies as defined above (¶5.d.) shall be either destroyed or returned to the producing party or non-party unless: (1) the

document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party or non-party, that party or non-party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product.

11. **No Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

12. **Persons Bound.** This Order shall take effect when entered and shall be binding upon: (1) counsel for the parties and their respective law firms; (2) their respective clients; and (3) any non-parties and their counsel who receive a subpoena to produce documents or give testimony in this matter.

    **IT IS SO ORDERED**.

_____ 2023
Macon, Georgia

The Honorable Tillman E. Self, III
United States District Court Judge

## ATTACHMENT A

## CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>            Defendant. | Case 5:22-cv-00268-TES<br><br>**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL** |

Documents produced herewith [whose bates numbers are listed below (or) which are listed on the attached index] have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

❑    I am a member of the Bar of the United States District Court for the Middle District of Georgia. My District Court Bar number is _____.

❑    I am not a member of the Bar of the United States District Court for the Middle District of Georgia but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the Middle District of Georgia as to any matter relating to this certification.

_____      _____      _____

Date                         Signature of Counsel            Printed Name of Counsel

## ATTACHMENT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>Defendant. | Case 5:22-cv-00268-TES<br><br>**ACKNOWLEDGMENT OF UNDERSTAND AND AGREEMENT TO BE BOUND** |

The undersigned hereby acknowledges that he or she has read the Confidentiality Order dated _____, in the above captioned action, understands the terms thereof, and agrees to be bound by such terms. The undersigned submits to the jurisdiction of the United States District Court for the Middle District of Georgia in matters relating to the Confidentiality Order and understands that the terms of said Order obligate him/her to use discovery materials designated CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY solely for the purposes of the above-captioned action, and not to disclose any such confidential information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____   Signature: _____

**ATTACHMENT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>            Defendant. | Case 5:22-cv-00268-TES<br><br>**CERTIFICATION OF COUNSEL FOR ASSISTANCE OF PARTY/EMPLOYEE** |

Pursuant to the Confidentiality Order entered in this action, most particularly the provisions of Paragraph 5.b.2., I certify that the assistance of _____ is reasonably necessary to the conduct of this litigation and that this assistance requires the disclosure to this individual of information which has been designated as CONFIDENTIAL or CONFIDENTIAL — ATTORNEYS' EYES ONLY.

I have explained the terms of the Confidentiality Order to the individual named above and will obtain his or her signature on an "Acknowledgment of Understanding and Agreement to be Bound" prior to releasing any confidential documents to the named individual and I will release only such confidential documents as are reasonably necessary to the conduct of the litigation.

The individual named above is:

❑    A named party;

❑    An employee of named party [employee of named party]. This employee's job title is [employee's job title] and work address is [employee's work address].

Date: _____    Signature:_____

**ATTACHMENT D**
**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS**
**CONFIDENTIAL — ATTORNEYS' EYES ONLY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>        Defendant. | Case 5:22-cv-00268-TES<br><br>**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL — ATTORNEYS' EYES ONLY** |

Documents produced herewith [whose bates numbers are listed below (or) which are listed on the attached index] have been marked as CONFIDENTIAL – ATTORNEYS' EYES ONLY subject to the Confidentiality Order entered in this action which Order is dated _____.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review, that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

Check and complete one of the two options below.

☐   I am a member of the Bar of the United States District Court for the Middle District of Georgia. My District Court Bar number is _____.

☐   I am not a member of the Bar of the United States District Court for the Middle District of Georgia but am admitted to the bar of one or more states. The state in which I conduct the majority of my practice is [state in which I practice most] where my Bar number is [that state's Bar #]. I understand that by completing this certification I am submitting to the jurisdiction of the United States District Court for the Middle District of Georgia as to any matter relating to this certification.

_____        _____        _____
Date                              Signature of Counsel              Printed Name of Counsel