# Exhibit 5

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>        Defendant. | Case No. 5:22-cv-00268-TES |

## **DECLARATION OF BARBARA TRIPP**

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the facts set forth below are true and correct to the best of my knowledge and belief.

1.

My name is Barbara Tripp. I am over 21 years of age, and I have personal knowledge of the facts set forth herein. I give this declaration freely and voluntarily, and for use in connection with this action.

2.

I grew chickens for Perdue in the United States. In order to grow chickens for Perdue, Perdue required that I sign a Perdue Poultry Producer Agreement.

3.

During my time working for Perdue, I performed various services, all related to the growing of chickens for Perdue. I was required to accept delivery of chickens at any time Perdue dictated and care for them from the time they were placed on my farm until pickup.

4.

Pursuant to Perdue's contract, guidelines, and biosecurity policies, which I understood to be generally applicable to growers, Perdue controlled nearly every aspect of how I ran the growing operation. Among other things, this included the lighting and temperature of the barns, how and when barns were ventilated, the methods by which I provided food and water to the chickens, and how I euthanized, cleaned up, and disposed of dead chickens.

5.

Perdue also assigned me supervisors who inspected my farm for compliance with the Poultry Producer Agreement and guidelines mentioned above. These supervisors would communicate with me frequently to make sure that I and other individuals working at the farm were complying with Perdue's requirements. When a supervisor directed me to take an action on my farm, I believed I was required by Perdue, and by the Poultry Producer Agreement, to comply with that instruction.

6.

My supervisor also informed me of tasks and improvements to my facilities that Perdue required. These were not presented as optional. Perdue required that I grant supervisors and other Perdue representatives access to my farm during any hour of the day.

7.

It is my understanding that other chicken growers performed the same or similar job duties for Perdue. Both during and after I grew chickens for Perdue, I visited other growers' farms on occasion to assist them with growing. Their operations closely resembled mine, and they had posted the same written materials provided by Perdue that I was required to post on my

farm. These other growers, given the job duties Perdue required, have likely worked numerous hours in excess of 40 hours a week without overtime compensation.

8.

Although I have not yet heard from additional growers who are presently ready to opt-in to the litigation, it is my belief that other growers—who have been subject to the same conditions—would be interested in joining if the Court grants conditional certification.

9.

I have reviewed the allegations originally filed by Roger Parker in the above-styled action. The allegations made by Mr. Parker in the Complaint comport with my personal experience working as a grower for Perdue in the United States under a Perdue Poultry Producer Agreement.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on <u>December 5,</u> 2023.

/s/ Barbara Tripp<br>
Barbara Tripp