UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>    Defendant. | CIVIL ACTION<br>NO. 5:22-CV-00268-TES |

## DEFENDANT'S SUR REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

Defendant Perdue Foods LLC ("Perdue"), with leave of Court, submits this Sur Reply in further opposition to Plaintiff's' Motion for Conditional Certification (ECF 52).

In his Reply, Plaintiff contends that "extensive precedent from this Court" contradicts Perdue's position and supports that one lone opt-in plaintiff, along with the other "evidence" he cites, is a sufficient showing of interest to justify the nationwide notice he seeks. (Doc. 70, at 11). He also contends that Perdue advances the "clear minority position." (*Id.* n. 10). <u>But none of the cases Plaintiff cites or references actually supports this bold assertion</u>. And, Plaintiff's discussion of the case law, which *conveniently omits* the material context in which the cases were decided in an attempt to improperly overstate the strength of his position, should not be well taken.

In *Bailey,* while the court noted one opt-in may be sufficient in certain circumstances, the court actually <u>refused</u> to conditionally certify because, <u>like here</u>, plaintiff failed to show sufficient interest among those in broad class he sought to represent. *See Bailey v. S. Therapy Services, Inc.*, 2022 WL 16951683, at *3 (N.D. Ga. Mar. 28, 2022) (finding named and single opt-in plaintiffs' affidavits identifying potentially interested individuals by name was unsupported and unpersuasive

and denying certification for various physical therapy roles in limited locations).[1] In *Gouldie*, while this Court noted one opt-in *may* be sufficient, this Court also reasoned "the most common way" to show interest is a "substantial number of consents." *Gouldie v. Trace Staffing Sols., LLC.*, No. 5:21-CV-00088-TES, 2021 WL 4944800, at *6 (M.D. Ga. Oct. 22, 2021). Plaintiff wholly ignores this critical passage, which only supports Perdue's argument here.

In the other cases Plaintiff cites, the courts found conditional certification was appropriate given the limited number of locations or putative class members—neither of which are present here with the nationwide notice Plaintiff seeks.

- *Brown v. Refuse Materials, Inc.*, 2013 WL 2387750, at *3 (M.D. Ga. May 30, 2013) (emphasis added) (granting conditional certification, in part, because "*Plaintiff has alleged that the number of floor installers is small*, and thus, one employee who has opted in is not necessarily an insignificant number");

- *Stevenson v. Great Am. Dream, Inc.*, 2013 WL 4217128, at *2 (N.D. Ga. Aug. 14, 2013) (granting certification of proposed class of entertainers working at a *single* nightclub in Decatur, Georgia);[2]

- *Kirk v. Dr. Goodroof, Inc.*, 2015 WL 1138445, at *2 (M.D. Fla. Mar. 13, 2015) (granting certification for plaintiff's *admittedly limited proposed collective* but noting "plaintiff's [] belief in the existence of other employees who desire to opt in and unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify certification");[3]

- *Guerra v. Big Johnson Concert Pumping, Inc.*, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (granting certification of a Florida collective based on affidavits of

---

[1] Southern Therapy Services, Inc. "A Message from Our President," (last visited Feb. 23, 2024) https://southerntherapyservices.com/about/ (three operating locations in Georgia with approximately 100 staff members total).

[2] *Stevenson v. Great Am. Dream, Inc.,* No. 1:12-cv-03359-TWT, Doc. No. 15-4 (N.D. Ga.) (authorized notice limiting class to "all current and former entertainers" at a single location in Decatur).

[3] *Kirk v. Dr. Goodroof, Inc.*, No. 14-cv-639, Doc. No. 15-1, 15-2 (M.D. Fla) (plaintiffs' affidavits identifying similar work performed for defendant in Charlotte County, Florida).

2

named plaintiff and one opt-in but noting "[o]f course, the more such affidavits or declarations there are, the more indicative the evidence is" of desire to join suit);[4]

Moreover, in two of the cases Plaintiff references from his initial brief, far more than one lone opt-in consent was submitted.

- o *Albert v. HGS Colibrium*, 2017 WL 1682528, at *3-*5 (N.D. Ga. May 3, 2017) (granting certification of employees who performed work for *one* specific client at *one* specific facility in Georgia, based in part on affidavits from *multiple* opt-ins);

- o *Ciani v. Talk of the Town Rests., Inc.*, 2015 WL 226013, at *2 (M.D. Fla. Jan. 16, 2015) (certifying collective of servers who worked only in *central Florida*, based in part on affidavits from *multiple* opt-ins).

Of the cases Plaintiff cites where the plaintiffs did seek to certify a nationwide or a geographically-diverse collective, the courts actually *limited* the scope of the larger class because plaintiffs—like Plaintiff here—failed to show sufficient interest across the broad group they sought to represent:

- o *Wynder v. Applied Card Systems, Inc.*, 2009 WL 3255585, at *3 (S.D. Fla. Oct.7, 2009) (plaintiff's proposed collective covering multiple states was too broad given limited evidence from named plaintiff and lone opt-in and limiting certification to *only* the plaintiffs' work location);

- o *Reyes v. Carnival Corp.*, 2005 WL 4891058, at *6 (S.D. Fla. May 25, 2005) (granting certification of a proposed collective of an estimated 150 individuals but limiting collective to only locations of named plaintiff and *two* opt-ins).[5]

As these cases and the cases Perdue discusses in their Response make clear, when—as here—a nationwide class is pled, a single opt-in consent just isn't enough.[6] Rather, Plaintiff must show others wish to join in the broad class he seeks to represent, which he has not done and cannot

---

[4] *Guerra v. Big Johnson Concert Pumping, Inc.*, No. 05-cv-14237, Doc. No. 17, at 4 (S.D. Fl. Nov. 21, 2005) (defendant-employer's operations were limited to "various facilities within Florida").
[5] *See Reyes v. Carnival Corp.*, No. 04-cv-21861, Doc. No. 1, at 3 (complaint identifying proposed scope of similarly situated employees as those who worked in South Florida).
[6] *Simpkins v. Pulte Home Corp.*, No. 08-cv-130, 2008 WL 3927275, at *2 (M.D. Fla. Aug. 21, 2008) (granting certification based on substantial number of geographically-diverse opt-ins).

3

do. (*See* Doc. 59, at 18-19 and cases cited therein).[7] This is hardly the "clear minority position" as Plaintiff improperly contends. (Doc. 70, at 15 n. 10). Plaintiff's selective discussion of the case law, which neither supports his request for nationwide notice nor accurately discusses the precedent in this Circuit, is disingenuous at best.[8]

For these reasons, and as set forth in Perdue's Opposition brief, Plaintiff's Motion should be denied.

Respectfully submitted this 4th day of March 2024.

/s/ Margaret Santen
Margaret Santen
GA Bar No. 578314
Kevin P. Hishta
GA Bar No. 357410
Michael Oliver Eckard
GA Bar No. 238550

OGLETREE, DEAKINS, NASH, SMOAK
  & STEWART, P.C.
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:    404-881-1300
Facsimile:    404-870-1732
maggie.santen@ogletree.com
kevin.hishta@ogletree.com
michael.eckard@ogletree.com

---

[7] While Plaintiff is correct that there is no "percentage requirement," courts often look at the showing of interest factor in terms of percentage of interest (i.e. the number of opt-ins relative to the size of the proposed collective). Plaintiffs' "evidence" showing Plaintiff and one sole grower is interested in joining out of 1,345 growers across the U.S.—or less than .2% of the entire group—fails outright.

[8] Indeed, Plaintiff's cases also don't involve independent contractor misclassification, which raises highly-individualized inquiries in and of itself.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>   Defendant. | CIVIL ACTION<br>NO. 5:22-CV-00268-TES |

## CERTIFICATE OF SERVICE

I certify that on March 4, 2024, I electronically filed the foregoing **DEFENDANTS' SUR REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

T. Brandon Waddell
Ga. Bar No. 252639
Jarred A. Klorfein
Ga. Bar No. 562965
CAPLAN COBB LLC
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
Telephone: (404) 596-5600
bwadell@caplancobb.com
jklorfein@caplancobb.com

Jamie Crooks*
D.C. Bar No. 156005
FAIRMARK PARTNERS, LLP
1825 7th St NW, #821
Washington, DC 20001
Telephone: (617) 721-3587
jamie@fairmarklaw.com

*Counsel for Plaintiff and the Putative Class*
\* admitted *pro hac vice*

        */s/ Margaret Santen*
Margaret Santen
GA Bar No. 578314
**OGLETREE, DEAKINS, NASH, SMOAK**
   **& STEWART, P.C.**
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:    404-881-1300
Facsimile:    404-870-1732
maggie.santen@ogletree.com