**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **ROGER PARKER,** | |
| *Plaintiff,* | **CIVIL ACTION NO.** |
| **v.** | **5:22-cv-00268-TES** |
| **PERDUE FOODS, LLC,** | |
| *Defendant.* | |

**ORDER DENYING DEFENDANT'S MOTION FOR CLARIFICATION**

Before the Court is a Motion for Clarification [Doc. 78] filed by Defendant Perdue Foods, LLC ("Perdue"). For context, Plaintiff Roger Parker filed a Fair Labor Standards Act ("FLSA") collective action on June 22, 2022, alleging that Perdue violated the FLSA. [Doc. 1]. Opt-in Plaintiff Barbara Tripp joined this action on July 25, 2024, by filing an opt-in consent form. [Doc. 49].

On December 6, 2023, following six months of discovery, Plaintiffs Parker and Tripp moved for conditional certification of their collective action. [Doc. 52]; *see* [Doc. 45, pp. 3–4]. After finding that "Plaintiffs failed to meet their burden of showing that there [was] a substantial number of growers who desire[d] to opt into this FLSA collective action," the Court denied Plaintiffs' Motion for Conditional Certification [Doc. 52]. [Doc. 77, p. 12 (first citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218–19 (11th Cir. 2001); and then citing *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d

1562, 1567 (11th Cir. 1991))]. Then, the Court dismissed opt-in Plaintiff Barbara Tripp

from this lawsuit without prejudice. [*Id.* (citing *Mickles on behalf of herself v. Country Club*

*Inc.*, 887 F.3d 1270, 1280 (11th Cir. 2018))].

According to Perdue, three weeks after the Court issued its Order, Tripp filed

nearly identical collective action claims in the United States District Court for the

District of Maryland. [Doc. 78, p. 2]. For whatever reason, rather than moving to dismiss

Tripp's case in the District of Maryland, Perdue filed this Motion seeking "an Order

clarifying that Tripp, like Parker, is also: (1) bound by this Court's Order denying

Plaintiffs' motion for conditional certification; and (2) required to pursue her FLSA

claims at this point individually." [Doc. 78-1, p. 2].

The Court is disinclined to grant Perdue's Motion for two reasons. *See* [Doc. 78].

First, the Court's Order left nothing to wonder about; it was crystal clear. *See* [Doc. 77].

Perdue offers extensive legal arguments explaining why, in their view, this Court's

Order—as written—should preclude Tripp from asserting her claims in Maryland. *See*

[Doc. 78-1, pp. 6–9]. But, those questions are solely for the District of Maryland to

decide.

Second, granting Perdue's Motion would only add dicta to the Court's previous

Order. *See* [Doc. 77]; [Doc. 78-2]. Perdue asks the Court to clarify that it dismissed

Tripp's claims "to allow her to file individual FLSA claims on her own." [Doc. 78-2, p.

1]. Perdue also asks the Court to state that "[i]f Plaintiff Tripp desires to bring an

individual suit, she must do so within the appropriate period of time defined by law." [*Id.*]. Even if the Court issued Perdue's proposed order, the additional language would be unnecessary to the Court's decision and would not be part of the Court's holding. *See* [*Id.*]. Thus, the clarification would have no legal import, and it certainly wouldn't require the District of Maryland to reach the same conclusions.

Accordingly, because the Court's Order [Doc. 77] was clear, the Court **DENIES** Perdue's Motion for Clarification [Doc. 78]. Perdue advances compelling and well-crafted arguments, but the bottom line is that Perdue needs to put those arguments to the District of Maryland.

**SO ORDERED**, this 26th day of April, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**