UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROGER PARKER,<br><br>         Plaintiff,<br><br>v.<br><br>PERDUE FOODS, LLC,<br><br>         Defendants. | CIVIL ACTION<br>NO. 5:22-CV-00268-TES |

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING, OR ALTERNATIVELY, FOR JUDICIAL ESTOPPEL, AND FOR STAY

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedures, Defendant Perdue Foods LLC ("Defendant" or "Perdue") respectfully moves to dismiss the Amended Complaint (ECF No. 90) of Plaintiff Roger Parker ("Plaintiff") for lack of subject matter jurisdiction. Alternatively, Defendant moves to invoke the equitable doctrine of judicial estoppel under the Court's inherent power to bar Plaintiff from continuing to pursue the claims set forth in the Amended Complaint. Defendant further requests a stay of this case pending resolution of this Motion.

For the reasons set forth below and as shown in their contemporaneously-filed Memorandum of Points and Authorities in support hereof, Defendant respectfully requests that the Court grant this Motion.

1.      All claims set forth in Plaintiff's Amended Complaint must be dismissed as Plaintiff lacks standing to bring such claims. Each of these claims arose prior to Plaintiff's Chapter 7 bankruptcy case, belong to the bankruptcy estate, have not been administered or abandoned by the bankruptcy trustee, and can only be brought by the bankruptcy trustee. *See Barger v. City of*

1

*Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004).

2. Additionally and/or alternatively, the Court should apply the doctrine of judicial estoppel to prevent Plaintiff from continuing to pursue each of the claims set forth in the Amended Complaint because Plaintiff: (1) took a position under oath in his bankruptcy proceeding that was inconsistent with his pursuit of the civil lawsuit, specifically denying the existence of the claims he asserts here despite his admitted knowledge of them; and (2) intended to make a mockery of the judicial system, based upon all relevant factors, including Plaintiff's continued failure to disclose the existence of these claims after he filed the present case. *Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1185 (11th Cir. 2017).

3. The Court should stay this case pending resolution of this Motion because this Motion is likely to dispose of the case, a stay would save significant expense for the parties as well as conserve judicial resources, and it would not prejudice Plaintiff. *See Moore v. Potter*, 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (unpublished opinion).

4. In support of this Motion, Defendant will file certain discovery materials as exhibits to the Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss for Lack of Standing, or Alternatively, for Judicial Estoppel, and for Stay. Pursuant to Local Rule 5.1, defense counsel provides the Declaration of Margaret Santen, attached as **Exhibit A**, certifying that the discovery documents have been used in the proceedings.

Accordingly, for the reasons contained herein and in Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss for Lack of Standing, or Alternatively, for Judicial Estoppel, and for Stay, Defendants respectfully request that the Court enter an order granting their Motion.

Respectfully submitted this 7th day of May 2025

*/s/ Margaret Santen*
Margaret Santen
GA Bar No. 578314
Kevin P. Hishta
GA Bar No. 357410
Michael Oliver Eckard
GA Bar No. 238550
**OGLETREE, DEAKINS, NASH, SMOAK**
  **& STEWART, P.C.**
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:    404-881-1300
Facsimile:    404-870-1732
margaret.santen@ogletree.com
kevin.hishta@ogletree.com
michael.eckard@ogletree.com

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROGER PARKER, on his own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERDUE FARMS, INC. and PERDUE FOODS, LLC,<br><br>Defendants. | CIVIL ACTION<br>NO. 5:22-CV-00268-TES |

## **CERTIFICATE OF SERVICE**

I certify that on May 7, 2025, I electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS FOR LACK OF STANDING, OR ALTERNATIVELY, FOR JUDICIAL ESTOPPEL, AND FOR STAY with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

| | |
|---|---|
| T. Brandon Waddell<br>Jarred A. Klorfein<br>Emily C. Snow<br>**CAPLAN COBB, LLC**<br>75 Fourteenth Street, NE, Suite 2700<br>Atlanta, GA 30309<br>bwadell@caplancobb.com<br>jklorfein@caplancobb.com<br>esnow@caplan cobb.com | Jamie Crooks (admitted *pro hac vice)*<br>Amanda R. Vaughn (admitted *pro hac vice)*<br>Kritika Tara Deb (admitted *pro hac vice*)<br>**FAIRMARK PARTNERS, LLP**<br>1825 7TH St NW, #821<br>Washington, DC 20001<br>jamie@fairmarklaw.com<br>amanda@fairmarklaw.com<br>kritika@fairmarklaw.com |

4

/s/ *Margaret Santen*
Margaret Santen
GA Bar No. 578314
**OGLETREE, DEAKINS, NASH, SMOAK**
   **& STEWART, P.C.**
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:	404-881-1300
Facsimile:	404-870-1732
margaret.santen@ogletree.com

5

89756681.v1-OGLETREE