UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROGER PARKER,

          Plaintiff,

v.

PERDUE FOODS, LLC,

          Defendant.

CIVIL ACTION
NO. 5:22-CV-00268-TES

## DEFENDANT'S MOTION FOR LEAVE TO FILE PLAINTIFF'S FINANCIAL DOCUMENTS AND OTHER PROPRIETARY DOCUMENTS UNDER SEAL

COMES NOW Defendant Perdue Foods LLC ("Perdue" or "Defendant") and respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 5.2 and the Court's July 18, 2023, Protective Order [Doc. 47], to file unredacted versions of exhibits in support of Defendant's Motion for Summary Judgment under seal. The exhibits sought to be sealed include: Plaintiff's tax returns, submitted as exhibits 14-17 in his deposition; Plaintiff's loan applications and agreements, submitted as Exhibits 5-9 in his deposition; excerpts from the Poultry Care Process Verified Program ("PVP"), submitted as Exhibit 4 to Mike Levengood's 30(b)(6) deposition; Perdue's Management Guidelines, House Specifications, and Equipment Lists submitted as exhibits 6, 11, and 50 to Walter Copeland's 30(b)(6) deposition; Plaintiff's grower settlement summary statement attached as Exhibit A to Walter Copeland's declaration and as Exhibit 48 to Walter Copeland's Deposition; and Plaintiff's flock visitation reports attached as Exhibit 21 to Plaintiff's deposition, Exhibit F to the Declaration of Kathryn Mizell, and Exhibit A to the Declaration of Bradley Bennett.

1.      In the present lawsuit, Plaintiff alleges while he was a grower for Perdue he was improperly classified as an independent contractor and was not paid overtime wages in violation of the Fair Labor Standards Act ("FLSA") as well as certain state law claims, including breach of contract and negligent misrepresentation.

2.      On July 18, 2023, the Court entered and approved the Parties' proposed Protective Order. [Doc. 47]. Pursuant to this Order, confidential materials may include, in relevant part, sensitive personal information and/or commercial information, as well as "research and development, financial, technical, marketing, sensitive trade secret information, [and/or] proprietary procedures." [*Id*. at 3, ¶¶ 3a, 3b].

3.      The Stipulation permits the Parties to designate as "Confidential" or "Confidential - Attorneys' Eyes Only" documents containing the above-listed categories of information. [*Id*. at 2, ¶ 2]. Consistent with this provision and subject to the terms of the governing Protective Order, Plaintiff designated tax returns as "CONFIDENTIAL" prior to production and in response to discovery requests. Likewise, Defendant produced business records containing confidential proprietary procedures, including, in relevant part, Perdue's biosecurity standards.

4.      On July 14, 2025, Defendant filed its Motion for Summary Judgment [Doc. 118]. In support of its Motion, Defendant submitted various exhibits, including the confidential tax returns and loan documents of Plaintiff, excerpts of the PVP, Perdue Management Guidelines, House Specifications, and Equipment Lists,  grower settlement summaries for Plaintiff, and flock visitation reports for Plaintiff. [Doc. 118-5, 118-6, 118-7, 118-12, 118-13, 118-14].

5.      Fed. R. Civ. P. 26(c) provides that a district court may grant a motion to seal documents upon a showing of "good cause." The Eleventh Circuit holds that "[t]he common law

right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the

asserted right of access against the other party's interest in keeping the information confidential.'"

*Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007). "Essentially, good cause

exists where '[a] party's privacy or proprietary interest in information . . . overcomes the interest

of the public in accessing the information.'" *Smart Profitability Sols., LLC v. Double Check Risk*

*Sols.*, LLC, 2018 WL 6380886, at *17 (N.D. Ga. Aug. 2, 2018) (citing *Romero*, 480 F.3d at 1246).

6.      Courts routinely recognize that entities have a legitimate interest in protecting trade

secrets, including customer lists and other confidential customer information. *See Integon Nat'l*

*Ins. Co. v. Dickerson*, No. 4:19-CV-201-MHC, 2020 WL 6335945, at *2 (N.D. Ga. Aug. 14, 2020)

(finding good cause existed to seal trade secret and proprietary information contained within

plaintiff's discovery responses); *Smart Profitability Sols., LLC*, 2018 WL 6380886, at *18

(granting plaintiff's request to seal exhibits containing trade secrets, including "detailed customer

lists"); *Loc. Access, LLC v. Peerless Network, Inc.*, No. 614CV399ORL40TBS, 2015 WL

5897743, at *2 (M.D. Fla. Oct. 7, 2015) (granting defendant's request to file motion for summary

judgment and related exhibits under seal, which contained "information about Defendant's

customers, confidential contract terms, and valuation of Plaintiffs' business").

7.      As defined by Federal Rule of Civil Procedure 5.2, Plaintiff's tax and loan

documents contain confidential personal identifiers, including social security numbers and/or tax

identification numbers, and dates of birth, as well as financial information, including, for example,

annual income. Further, the grower pay summary and flock visitation reports for Plaintiff contain

proprietary and confidential information concerning Perdue's value of services and/or goods to be

provided by Growers, including, but not limited to, payment formulas, variables impacting

payment determinations, and specifications of operations. Maintaining the confidentiality of the information contained in the grower payment summary and flock visitation reports is essential to preserving the integrity of Defendant's business. Likewise, portions of the PVP, Perdue management guidelines, house specifications, equipment lists, and other guidelines submitted by Defendant include confidential and proprietary information regarding certain growing procedures recommended by Perdue. Any disclosure of such confidential and proprietary information would allow third parties, including direct competitors, to improperly bypass or frustrate Defendant's safeguards and protections and misappropriate such materials for their own pecuniary gain. Placing the excerpts of the PVP, flock reports, and grower pay summary, including above-referenced exhibits, under seal is necessary to prevent disclosure of such confidential and proprietary information to Defendant's competitors. Accordingly, because the PVP, flock reports, and grower pay summary contain the parties' protectable trade secrets and the public has no countervailing interest that would trump their interests, there is good cause for these documents to be sealed.

8.      While the Protective Order instructs the designating party bears the burden to demonstrate the material should be remain under seal, as it relates to Plaintiff's tax and loan documents, Defendant makes no objection to the confidential designation of Plaintiff's tax and loan documents and accordingly seeks to have the aforementioned documents maintained under seal until the closing of this case, and asks that these documents not be filed into the public record.

9.      Defendant consulted with Plaintiff's counsel regarding this Motion and Plaintiff does not object to the relief requested herein.

10.      Accordingly, Defendants ask the Court to file the aforementioned documents under seal.

11.     Consistent with this Court's guidance on filings motions under seal, Defendant contemporaneously submits PDF copies of the documents sought to be sealed to the appropriate divisional email address.

WHEREFORE, Defendant respectfully requests that the Court seal unredacted copies of: (1) Plaintiff's tax returns, submitted as exhibits 14-17 to his deposition, (2) Plaintiff's loan applications and agreements, submitted as Exhibits 5-9 in his deposition, (3) excerpts of the Poultry Care Process Verified Program ("PVP") submitted as Exhibit 4 to Michael Levengood's deposition, (4) Perdue's Equipment Lists, Management Guidelines, and House Specifications submitted as Exhibits 6, 11, and 50 to Walter Copeland's deposition, (5) Plaintiff's grower pay summary sheet submitted as Plaintiff's Exhibit 48 to Walter Copeland's Deposition and as Exhibit A to Walter Copeland's Declaration, and (6) Plaintiff's flock visitation reports submitted as Exhibit 21 to Plaintiff's deposition, Exhibit F to Kathryn Mizell's Declaration, and Exhibit A to Bradley Bennett's Declaration.

Respectfully submitted this 14th day of July 2025.

/s/ Margaret Santen

Margaret Santen
GA Bar No. 578314
Kevin P. Hishta
GA Bar No. 357410
Michael Oliver Eckard
GA Bar No. 238550
**OGLETREE, DEAKINS, NASH, SMOAK
    & STEWART, P.C.**
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:      404-881-1300
Facsimile:      404-870-1732
margaret.santen@ogletree.com
kevin.hishta@ogletree.com
michael.eckard@ogletree.com

*Attorneys for Defendant Perdue Foods LLC*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ROGER PARKER,

        Plaintiff,

v.

PERDUE FOODS, LLC,

        Defendant.

CIVIL ACTION
NO. 5:22-CV-00268-TES

## CERTIFICATE OF SERVICE

I certify that on July 14, 2025, I electronically filed the foregoing DEFENDANT'S MOTION FOR LEAVE TO FILE PLAINTIFF'S FINANCIAL DOCUMENTS AND OTHER PROPRIETARY DOCUMENTS UNDER SEAL with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

T. Brandon Waddell
Ga. Bar No. 252639
Jarred A. Klorfein
Ga. Bar No. 562965
Emily C. Snow
Ga. Bar No. 837411
CAPLAN COBB LLC
75 Fourteenth Street, NE, Suite 2700
Atlanta, Georgia 30309
Telephone: (404) 596-5600
bwadell@caplancobb.com
jklorfein@caplancobb.com
esnow@caplancobb.com

Jamie Crooks*
D.C. Bar No. 156005
Kritika Deb*

Amanda R. Vaughn*
FAIRMARK PARTNERS, LLP
1825 7th St NW, #821
Washington, DC 20001
Telephone: (617) 721-3587
jamie@fairmarklaw.com
kritika@fairmarklaw.com
amanda@fairmarklaw.com
*Counsel for Plaintiff*
* admitted *pro hac vice*

<u>/s/ Margaret Santen</u>
Margaret Santen
GA Bar No. 578314
**OGLETREE, DEAKINS, NASH, SMOAK
   & STEWART, P.C.**
191 Peachtree St. NE, Suite 4800
Atlanta, GA 30303
Telephone:     404-881-1300
Facsimile:     404-870-1732
margaret.santen@ogletree.com