# Exhibit AA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
BALDWIN COUNTY, GEORGIA
SUCV2018049099
JJAATB
OCT 24, 2019 12:46 PM

Mitch Longino, Clerk
Baldwin County, Georgia

IN THE SUPERIOR COURT OF BALDWIN COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| LINDA GAIL PARKER, | : | |
| Plaintiff, | : | |
| v. | : | C. A. No. SUCV2018049099 |
| ROGER DALE PARKER, | : | |
| Defendant. | : | |

## *FINAL JUDGMENT AND DECREE*

This matter having come for trial September 12, September 13 and September 30, 2019, and upon consideration of this case, upon evidence submitted as provided by law, it is the judgment of this Court that a total divorce be granted, that is to say, a *divorce a vinculo matrimonii*, between the parties to the above stated case upon legal principles.

It is considered, ordered, and decreed by the Court that the marriage contract heretofore entered into between the parties to this case, from and after this date, be and is set aside and dissolved as fully and effectually as if no such contract had ever been made or entered into. Plaintiff and Defendant in the future shall be held and considered as separate and distinct persons altogether unconnected by any nuptial union or civil contract whatsoever and both shall have the right to remarry.

The Court further orders, as follows:

### I. Equitable Division of Property

A. The Court awards to Plaintiff Wife the following items of property:

1. Camper and its contents;
2. Personal effects located at the Baldwin farm/residence, including, but not limited to her clothes, bathroom toiletries, jewelry box, and wedding rings;
3. The Alvarez, Breedlove, and Warrior Bass guitars;

4. The Casio Keyboard.
5. Baby grand piano located at the Jasper farm/residence;
6. Flatscreen TV;
7. Computer and iPad;
8. Embroidery machine;
9. Grandmother's purse;
10. The plate above the kitchen sink that was her mother's that was given to Plaintiff Wife;
11. Collection of iron skillets;
12. Antique quilts;
13. Wooden bowl;
14. Water dipper;
15. Heirlooms/antiques in kitchen from top of cabinets, including Brad's baby boots;
16. Chevrolet Tahoe;
17. Tahoe stereo that was new in the box at the time of separation;
18. Outdoor kitchen;
19. Patio chairs;
20. In ground pool kit;
21. Grandson Jesse's 4-wheeler, dirt bike, computer, and Alexa;
22. Rest of Brad's things that were in the car trailer; and
23. All personal effects and the wood cook stove from the Jasper farm.

B. The Court awards to Defendant Husband the following items of property:

1. Dodge Ram truck;
2. His personal effects in the Baldwin farm/residence, including, but not limited to his clothes, bathroom toiletries, his wedding ring;
3. Dining room suite in the Baldwin farm/residence;
4. Bedroom suite in the Baldwin farm/residence;
5. Living room furniture in the Baldwin farm/residence;
6. Any remaining furniture in the Baldwin farm/residence;
7. Any remaining household items or electronics in the Baldwin farm/residence not awarded to Plaintiff Wife;
8. The remaining musical instruments not awarded to Plaintiff Wife, which includes a Fender Stratocaster Guitar, a flat top guitar and a banjo; and
9. All remaining kitchen appliances/household appliances at the Baldwin farm/residence not awarded to Plaintiff Wife, including microwave, refrigerator, washer/dryer.

C. The Court divides the pictures of the grandchildren as follows. The Court orders that the pictures of the grandchildren be divided as equitably as possible between the parties, giving each party comparable photos of each child. If the parties cannot agree on how to divide the photographs, Plaintiff Wife will divide the pictures into two groups she believes are fair and

equitable and Defendant Husband may choose which of the two groups he wants, leaving Plaintiff Wife the remaining group of photos.

D. The Court orders that as to the Tahoe, Dodge Ram truck and the camper, if the certificate of title to each includes the name of the party not receiving the item of property the Court orders the party not retaining the property to sign the certificate of title over to the retaining party within (30) thirty days of entry of this Final Judgment and Decree. In lieu of signing the certificate of title the transferring party may deliver a properly executed Form T-8 Limited Power of Attorney authorizing the receiving party to sign the titling documents.

## II. Items the Court Orders the Parties to Sell

A. The Court orders the parties to list the following items for sale within thirty (30) days of entry of this Final Judgment and Decree:

1. The two Ford Mustangs;
2. The two WaveRunners;
3. The boat;
4. The motorcycle;
5. The Ford F350 that is or was located at the Jasper farm;
6. The Chevrolet service van that is or was located at the Jasper farm; and
7. The time share in Tennessee.

If the parties cannot agree who will be responsible for selling a particular item, Plaintiff Wife will select four items off the list to sell. Defendant Husband will be responsible for selling the remaining three items.

The Court orders both parties to take reasonable steps to obtain the highest value for each item. The Court orders that neither party interfere with the other party's attempt to obtain the highest value for the item. The Court orders that the sales proceeds received minus express selling expenses to unrelated third parties, such as brokers or classified ads, shall be divided equally. The party receiving the proceeds shall pay half of the proceeds to the other party within

one (1) business day of receipt of said proceeds. If one party wishes to purchase one of the items on this list, he or she shall be allowed to purchase it from the other party for a price upon which the parties can agree. If the parties cannot agree, the Court orders that such item of property be sold according to the terms set forth above.

Because some of these items are dissembled or not operating, such as the Mustangs, if either party would like to restore it to operating condition to obtain a higher sales price, that party is entitled to reimbursement for any costs associated with such restoration. Such reimbursement shall be available only with proper written documentation. Any restoration must be completed and the item listed for sale within ninety (90) days of entry of this Final Judgment and Decree.

### III. Cash Payment and Alimony

A. The Court orders Defendant Husband to pay to Plaintiff Wife the sum of $25,000.00 within sixty (60) days from the date of the entry of this Final Judgment and Decree as part of the equitable division of property.

B. The Court orders Defendant Husband to pay to Plaintiff Wife as alimony $1,500.00 per month for a period of two years beginning November 1, 2019, then due no later than the tenth (10th) of each month thereafter.

### IV. The Jasper Farm

A. The Court finds that the parties entered into a lease agreement with their Son, Simon Parker, and Daughter-in-Law, Casey Parker. That lease agreement allows Simon Parker and Casey Parker to assume the mortgage from First Financial Bank. Further, the lease agreement does not provide that the parties are entitled to any equity in the property when Simon Parker and Casey Parker assume the mortgage. For that reason, the Jasper Farm has no equity to be divided

Parker_002538

as marital property unless the lease is terminated. As long as the lease agreement remains in effect there is no first mortgage obligation to First Financial Bank payable by either party to divide.

B. As for the debt to Allen R. Schrock and Lucinda H. Schrock secured by a second mortgage on the Jasper farm, that debt is likewise a debt assumed by Simon Parker and Casey Parker under the lease agreement drafted by Simon Parker and payable by Simon Parker and Casey Parker. As long as the lease agreement remains in effect there is no second mortgage obligation to the Schrocks payable by either party to divide.

C. If the parties terminate the lease or Simon Parker and Casey Parker terminate the lease the parties are ordered to list the property for sale within thirty (30) days of lease termination. If the parties cannot agree on a realtor to list the property and/or a listing price, each party shall designate an agent, and those two agents will select the listing realtor who will also select the listing price. The net proceeds shall be evenly divided between the parties on the date of closing.

D. The Court orders the parties to sign deeds changing their ownership of the Jasper farm from joint tenants with rights of survivorship to tenants in common within thirty (30) days of the entry of this Final Judgment and Decree. The Court orders that neither party shall be allowed to sell his or her interest in or borrow against the property without written permission of the other.

V. **The Baldwin Farm**

A. The Court awards possession and use of the Baldwin farm to Defendant Husband.

B. The Court orders that Defendant Husband be allowed to retain the Baldwin farm property to operate the poultry operations.

C. The Court orders the parties to obtain a business appraisal to determine the fair market value of the residence, land, buildings, poultry equipment, vehicles (off-road and on-road) and any fixtures. The appraisal shall also assume that the farm is operating at capacity for raising poultry

under the contract with Perdue. The scope of the appraisal may also include recommendations on whether the property may reasonably be put to a use that would likely lead to a higher sales price. If the parties cannot agree on a certified business appraiser, Plaintiff Wife shall be allowed to choose an appraiser. Both parties may accompany the appraiser as the appraiser visits the property, and both parties shall be provided a copy of the appraisal by the appraiser. The Court orders that Defendant Husband shall be responsible for covering the cost of this appraisal up to $10,000.00. The Court orders that the parties evenly divide the cost of the appraisal above $10,000.00.

     D. The Court orders that once the appraiser determines the fair market value of the Baldwin farm, the parties shall then subtract the liabilities secured by the property at the time of the appraisal. The Court orders that Plaintiff Wife shall presumptively be entitled to half of this amount payable no later than two years to the day of the entry of this Final Judgment and Decree. The Court orders that during those two years, Defendant Husband shall pay to Plaintiff Wife $5,000.00 from each grow out. Defendant Husband may deduct the aggregate total of the grow outs from the total that he owes Plaintiff Wife at the end of the two years.

     E. If at the end of two years Defendant Husband is unable to pay Plaintiff Wife the balance of her presumptive amount as defined in paragraph V, section C, above, Defendant Husband must list the property for sale within ten (10) days of the end of those two years. The Court orders that Defendant Husband shall pay to Plaintiff Wife the higher of the presumptive amount or one-half (½) the net proceeds, with both parties equally dividing any amounts for taxes owed on the sale. The Court orders that Defendant Husband may elect to place the Baldwin farm for sale prior to the two-year anniversary of the date of entry of this Final Judgment and Decree. In such case the Court orders that Defendant Husband shall pay to

Plaintiff Wife the higher of the presumptive amount or one-half (½) the net proceeds, with both parties equally dividing any amounts for taxes owed on the sale.

F. The Court orders Defendant Husband to list the Baldwin farm property for sale within ten (10) days if the farm is without a flock for ninety (90) days or more and pay to the Plaintiff Wife the higher of the presumptive amount or one-half (½) the net proceeds, with both parties equally dividing any amounts for taxes owed on the sale.

G. During the period before the sale of the Baldwin farm Defendant Husband will be solely responsible for all property taxes, maintenance expenses, and capital improvements on the property during the time that it takes him to pay out Plaintiff Wife her interest in the Baldwin farm.

H. The Court enjoins and restrains Defendant Husband from making any changes to the property that would have the effect of damaging any portion of the property, or diminishing or reducing the value in any way without written permission from Plaintiff Wife.

I. The Court orders that Plaintiff Wife shall continue to be able to receive every communication from Perdue that Perdue sends to Defendant Husband. The Court further orders that Plaintiff Wife has the right to visit the property at least once every sixty (60) days for inspection, and the parties shall further identify Plaintiff Wife to Perdue as a party authorized under any bio-safety plan.

J. The Court further orders that Defendant Husband shall be solely responsible for any federal or state income tax liability associated with revenue received from any future grow outs, and shall indemnify the Plaintiff Wife and hold her harmless from any loss or expense thereunder.

K. The Court further orders that Defendant Husband shall be solely responsible for any federal and state tax liability for income he has received from farming operations for 2019 and shall indemnify the Plaintiff Wife and hold her harmless from any loss or expense thereunder.

Linda Gail Parker v. Roger Dale Parker
Baldwin Superior Court Case SUCV2018049099

L. The Court orders that the parties are jointly responsible for any federal and state tax liability for 2017 and 2018 and shall share any debts owed to the Internal Revenue Service or the Georgia Department of Revenue equally for those tax years.

M. The Court orders the parties to sign deeds changing their ownership of the Baldwin farm from joint tenants with rights of survivorship to tenants in common within thirty (30) days of the entry of this Final Judgment and Decree. The Court orders that neither party shall be allowed to sell his or her interest in or borrow against the property without written permission of the other.

### VI. Grandparent visitation

The parties have a right under Coweta Superior Court civil action number SUV2015000555 to visitation with their grandchildren by Bradley Dale Parker. During opening statements, each of the parties asked the Court to equitably divide the court-awarded visitation with their grandchildren. The Court concludes that it has no authority under the law to modify the existing visitation order in Coweta Superior Court civil action number SUV2015000555 as part of this divorce action.

So ORDERED this 23rd day of October, 2019.

ALISON T. BURLESON
Judge, Baldwin County Superior Court

## CERTIFICATE OF SERVICE

This is to certify that I, Vicki Lynn, Judicial Assistant to Judge Alison T. Burleson do hereby certify that I have this day served the within Order upon the individuals listed below by electronic transmission through Peach Court and /or by placing a copy of said Order in the United States Mail with adequate postage affixed to ensure delivery and addressed as follows:

Shane M. Geeter
smgattorney@yahoo.com

Laura D. Burns
laurad.burns@gmail.com

Original Filed with Clerk of Court

This 24th day of October, 2019.

_____
Vicki Lynn
Secretary to Judge Alison T. Burleson
Superior Court, Ocmulgee Judicial Circuit